■ WILLIAM R. MEYER, JR., Respondent, v. ELLIOTT JOHNSON et al., Appellants.— Appeal by all defendants from a judgment of the Supreme Court, Sullivan County, entered upon a verdict for plaintiff and from an order denying the motion of defendants-appellants to set aside the verdict. Plaintiff, a State trooper, operating a State police automobile easterly on Route 28, was injured when his car collided on the south side of the highway with a dump truck which had been proceeding westerly on Route 28 and had turned left and was proceeding across the highway to enter a cement-mixing plant south of the highway. The defendant Winne was employed by defendant George Brewster & Sons Construction Corp. to direct traffic at that point and was standing in the highway opposite the plant entrance. The highway was of four lanes and 40 feet wide, exclusive of shoulders 3 or 4 feet wide on each side. The road was straight and level for a considerable distance either side of the plant entrance. The weather and visibility were clear. Plaintiff's companion, another State trooper, testified that about 15 minutes before the accident, plaintiff and he entered Route 28, some five to seven miles west of the point of collision, to pursue a speeding car. He remembers nothing from the time the State police car entered Route 28 until "a second" before the impact when he saw the

truck directly in front of him. Consequently he could not testify as to the operation of either of the vehicles involved in the accident, does not know whether the pursuit of the speeding car continued or was abandoned and does not recall seeing Winne standing in the highway. There was no evidence as to the speeding car from any other source. Plaintiff could not testify to the accident or the events preceding it as he recalls nothing from the time that the troop car was stopped off the highway, some seven miles from the point of the collision, until he regained consciousness in the hospital, after the accident. Defendant Winne testified by deposition that he signalled the dump truck to stop when it was some 150 feet away. Apparently at the same time, according to his testimony, he heard a car "coming very fast" and turned and saw the State police car, which he did not immediately recognize as such, some 800 feet or more away. Winne stated that he held up both hands to stop the car and blew his whistle continuously from the time the car was 600 feet away. Meanwhile, the truck had continued and turned and Winne stated that it was on the two strips for eastbound traffic when the collision occurred. Defendant Johnson, the operator of the truck, also testified by deposition and contradicted Winne by stating that Winne first signalled him to slow down and then "directed me in". Johnson said that he crossed the highway at two or three miles per hour and first saw the State police car when it was but 25 feet away. The jury was entitled to credit Johnson's testimony that Winne directed him to cross the highway and thereby to find Winne negligent under the circumstances to which both had testified. Winne, enjoying no official status, could direct Johnson only in accordance with the rules to which Johnson's operation of the truck was subject, including the exercise of reasonable care to observe oncoming traffic and, before turning or changing the course of the vehicle, to see that there was sufficient space to make such movement in safety. (Vehicle and Traffic Law, § 83, subd. 2.) The finding of negligence on the part of Johnson was also proper as he was not entitled, or so the jury might find, to rely solely on Winne and abandon the use of his own senses, and thereupon drive a heavy, slow-moving truck across a four-lane highway without making any observation of the oncoming car until it was 25 feet away. In our view, however, the finding of plaintiff's freedom from contributory negligence is not sustained by the weight of the evidence. Plaintiff had passed the point of the subsequent accident on previous occasions, one being earlier the same day. He knew that "construction work was going on" and "that trucks were passing across the highway". From the last turn which he rounded, visibility was clear for a distance of from 800 feet to a quarter of a mile to the point of collision. It was his duty to look, and if he looked he was bound to see the truck ahead and the defendant Winne standing in the highway (*Weigand* v. *United Traction Co.*, 221 N. Y. 39, 42), yet, so far as appears, he did not react in any way to their presence at that known danger point. If it be assumed that he had abandoned the alleged pursuit and was traveling at a reasonable speed, then no explanation has been advanced for his failure to bring his car under control and to stop or pass to the rear of the truck. If, however, the claimed pursuit was in progress and he was traveling, in the performance of duty, at a high rate of speed, we consider that, even then, he has not satisfied the burden of proof, in the absence of evidence that he sounded his horn or the siren with which the car was equipped or otherwise acted to avert the obvious danger in clear view ahead. We find no errors in the reception of medical testimony which were of sufficient substance, under the circumstances of the medical proof generally, to require comment. Judgment and order reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.